IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD WILSON,

       Plaintiff,                No. 2:10-cv-0721 JAM JFM (PC)

     vs.

M. McDONALD, et al.,

       Defendants.         <u>FINDINGS & RECOMMENDATIONS</u>

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a complaint filed pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant Clark's motion to dismiss plaintiff's first amended complaint, filed June 10, 2010.  Plaintiff opposes the motion.

PROCEDURAL BACKGROUND

       On March 25, 2010, plaintiff filed a civil rights complaint alleging violations of his Eighth Amendment rights.  On May 25, 2010, plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and dismissed for failure to state a claim.   Plaintiff, who was granted leave to amend, filed a first amended complaint ("FAC") on June 10, 2010.

By order dated September 15, 2010, the court determined that plaintiff's amended complaint stated a cognizable claim for relief against defendants Clark, Diaz and Lopez.[1]  On December 17, 2010, defendants Diaz and Lopez filed an answer.  Also on December 17, 2010, defendant Clark filed the instant motion to dismiss for failure to state a claim.  Plaintiff filed an opposition on January 3, 2011.

FACTUAL ALLEGATIONS

Plaintiff's allegations as to Clark are reproduced here in their entirety:

On May 13, 2008, Plaintiff was assigned to be transfer [sic] to High Desert State Prison [from Corcoran State Prison].  At this time about 8:00 p.m. on May 13, 2008, Plaintiff was seen by (LVN) Clark who ask [sic] Plaintiff do [sic] he have any medical concerns.  At that time I Plaintiff explain [sic] to (LVN) Clark that I have a back injury from a fall out of a [sic] upper bed at Corcoran State Prison, I have a bed order for a lower bed in my medical file and I have been order [sic] some pain medication.  (LVN) Clark said I would be seeing a doctor within (10) day [sic] which never happen [sic], and I was not assigned a lower bed, and did not receive any pain medication until September 25, 2008.  [Citation omitted.]

(FAC at 7.)

STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim

---

[1]  Plaintiff did not identify Clark as a defendant in the "Parties" portion of the FAC, though he discussed him in the body of the FAC.

1 is and the grounds upon which it rests.'"   Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell

2 Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

3       Although the court previously issued a screening order that expressly stated that

4 plaintiff stated a cognizable claim against Clark, the court finds that this finding does not

5 foreclose Clark's right to bring a motion to dismiss on the same grounds.  See Teahan v.

6 Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (finding that the screening and dismissal

7 procedure under the Prison Litigation Reform Act "is cumulative of, not a substitute for, any

8 subsequent Rule 12(b)(6) motion that the defendant may choose to bring").  The court will

9 consider the merits of defendant's motion to dismiss.

10       On October 18, 2010, plaintiff received the notice required by Wyatt v. Terhune,

11 305 F.3d 1033 (9th Cir. 2002), for opposing a motion to dismiss for failure to exhaust

12 administrative remedies pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

13                              DEFENDANT'S MOTION

14       Defendant seeks dismissal on the ground that plaintiff did not identify him as a

15 defendant in the FAC and did not allege any facts establishing liability.  Plaintiff argues that his

16 failure to identify Clark as a defendant should be excused because he is proceeding in pro per.

17 Plaintiff next argues that Clark is liable for the delayed provision of medical care upon plaintiff's

18 transfer to High Desert State Prison ("HDSP").  That is, plaintiff claims for the first time in his

19 opposition that Clark failed to inform custody staff that plaintiff was to be housed in a lower

20 bunk and failed to ensure that plaintiff would be seen by a doctor within ten days.  Plaintiff

21 asserts that this theory is implicit upon examination of the documents attached to the FAC.

22       Plaintiff is correct that federal courts have been instructed by the Supreme Court

23 "to liberally construe the 'inartful pleading' of pro se litigants."  See Eldridge v. Block, 832 F.2d

24 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364 (1982) (per curiam).

25 Nonetheless, federal courts may not invent theories of liability or factual allegations for pro se

26 plaintiffs.  Unfortunately for plaintiff, he did not identify his theory that the delayed provision of

medical care at HDSP was attributable to Clark and did not detail any factual evidence to support that theory.  Plaintiff is informed that any theories of liability that he deems are implicit shall be made explicit before a claim may proceed against Clark.  Accordingly, defendant's motion to dismiss should be granted.

"In dismissing for failure to state a claim under Rule 12(b)(6) a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  Here, the court finds that leave to amend is warranted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Defendant's motion to dismiss be granted; and

2.  Plaintiff be granted leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;wils0721.mtd

4