IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD WILSON,

        Plaintiff,                    No. 2:10-cv-0721 JAM JFM (PC)

    vs.

M. McDONALD, et al.,

        Defendants.            <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a complaint filed pursuant to 42 U.S.C. § 1983. Pending before the court are two motions to compel filed separately by defendants Lopez and Diaz. Both defendants seek an order compelling plaintiff to further respond to their Requests for Admission ("RFA)," Requests for Production of Documents ("RFPD"), and Interrogatories.

DISCUSSION

        The court has examined the motions filed by defendants and finds that they jointly challenge plaintiff's responses to RFA Numbers 1, 2 and 3; RFPD Number 1; and Interrogatory 6. In addition, Diaz individually challenges plaintiff's responses to RFPD Number 2 and Interrogatories 1, 3 and 7; and Lopez individually challenges plaintiff's response to Interrogatory 4.

1

A.  Requests for Admissions

    Defendants jointly challenge plaintiff's responses to RFA Numbers 1, 2 and 3.

1.  Requests and Responses

RFA Number 1: "Admit that you did not have a valid lower bunk chrono covering the timeframe of June 11, 2007 through September 18, 2007."

    Plaintiff's response to Lopez: "Without objecting, Plaintiff will response to this question. Plaintiff will call Johnny Dang M.D. that issue plaintiff lower bunk chronos at CSP-Corcoran for 2004-2007. And the lower bunk chronos was reviewed by LVN [illegible], [illegible] at H.D.S.P. and plaintiff will call Dr. Kim, to testify about the lower bunk chrono issue."

    Plaintiff's response to Diaz: "Without objecting, Plaintiff will response to this question. Plaintiff will call Johnny Dang M.D. that issue plaintiff lower bunk chronos for 2004-2007, at CSP-Corcoran. And lower bunk chrono for lower bunk issue at CSP-Corcoran was review by [illegible] on 5-13-08."

RFA Number 2: "Admit that, after falling from your bunk on July 8, 2007, you did not turn in a Health Care Service Request Form (CDC-7362) for medical treatment until September 2007."

    Plaintiff's Response to Lopez: "Without objecting, Plaintiff will response to the question. Plaintiff was not issue CDC-7362 forms by the defendants in September 18, 2007, but there should be a priority pass for September 18, 2007, to see Dr. Kim on record at CSP-Corcoran."

    Plaintiff's Response to Diaz: "Without objecting, Plaintiff will response to the question. Plaintiff was not issue CDC-7362 forms by the defendants in September 18, 2007, but there should be a priority pass for September 18, 2007, to see Dr. Kim in the records at CSP-Corcoran."

RFA Number 3: "Admit that Defendant Diaz [Lopez] did not deny your request for medical treatment during the timeframe of June 11, 2007 through September 18, 2007."

    Plaintiff's Response to Lopez: "Without objecting, Plaintiff will response to the question. The defendant had the authority to move plaintiff from a low risk of harm to a high risk of harm. Defendant Lopez deny plaintiff medical care when he force the plaintiff to move to a upper bed out of a lower bunk, which was a part of medical care, so yes the defendant did deny the plaintiff medical care when he force the plaintiff to move."

    Plaintiff's Response to Diaz: "Without objecting, Plaintiff will respond to the question. Defendant Diaz is not in the complaint for giving me medical treatment, but for not make sure that plaintiff was care for and health was taking care of. Both defendants had the authority not to put the plaintiff in harms way but did."

2

2.    Discussion

Defendants object to plaintiff's responses on grounds of ambiguity, unresponsiveness, and failure to admit or deny. Generally, Federal Rule of Civil Procedure 36(a) requires one of three answers: (1) an admission; (2) a denial; or (3) a statement detailing why the answering party is unable to admit or deny the matter. FRCP 36(a)(3); Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242 (9th Cir. 1981).

Examination of plaintiff's responses reveals that plaintiff did not strictly comply with the Federal Rules. Nonetheless, the substance of plaintiff's responses clearly indicates an admission or denial. See Harms v. Parker-Hannifin Corp., 2010 WL 4269570 (D. Ariz. 2010). For example, in response to RFA Number 1 wherein plaintiff is asked to admit that he did not have a valid lower bunk chrono during the time period in question, plaintiff responded by stating that he will call Dr. Dang to testify that plaintiff was issued a lower bunk chrono. This is obviously a denial of the RFA.

Similarly, plaintiff's response to RFA Number 3 is also a denial, albeit a qualified one. Plaintiff states that defendants are not named in this action for failure to provide medical treatment, but instead for failing to provide elements of the medical care prescribed for plaintiff. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." Marchand v. Mercy Med. Ctr., 22 F3d 933, 938 (9th Cir. 1994) (internal citation ommitted). Thus, plaintiff's response to RFA Number 3 is also sufficient.

However, plaintiff's response to RFA Number 2 is not adequate. The substance of the response does not constitute either an admission or a denial. Accordingly, defendants' motions to compel will be denied as to RFA Numbers 1 and 3, and granted as to RFA Number 2. Plaintiff shall supplement his response to RFA Number 2 within twenty-one days of the date of this order.

/////

/////

3

B.   Requests for Production of Documents

Defendants next jointly challenge plaintiff's response to RFPD 1, and Diaz, individually, challenges plaintiff's response to RFPD 2.

    1.   Requests and Responses

RFPD Number 1: "Produce any and all medical and hospital records and documents related to your injuries as a result of the alleged action by Defendant Diaz [Lopez] as described in your complaint."

    Plaintiff's response to Lopez and Diaz: Plaintiff did not respond to this request.

RFPD Number 2: Produce any and all valid lower bunk chronos issued to you and in effect between July 8, 2007 through September 18, 2007.

    Plaintiff's response to Diaz: "Without objecting, see attached lower bunk chronos issue in 2008 and plaintiff will call Johnny Dang M.D. to testify about issueing plaintiff lower bunk chronos at CSP-Corcoran between 2004-2007."

    2.   Discussion

The court takes note of plaintiff's failure to respond to RFPD Number 1 and will order a response accordingly. As to RFPD Number 2, it is evident that plaintiff did not respond to the RFPD concerning chronos issued in 2007. Accordingly, plaintiff will be ordered to supplement his response and/or produce responsive documents within twenty-one days of the date of this order.

C.   Interrogatories

Finally, defendants jointly challenge plaintiff's response to Interrogatory 6. Additionally, Diaz individually challenges plaintiff's responses to Interrogatories 1, 3 and 7; and Lopez individually challenges plaintiff's response to Interrogatory 4.

    1.   Interrogatories and Responses

Interrogatory 1: Please state each and every fact upon which you base your contention that Defendant Diaz was responsible for the incident that allegedly caused your injury on July 8, 2007.

    Plaintiff's Response to Diaz: "Without objecting, plaintiff will response to the question. All facts that defendant Diaz place the plaintiff in a upper

bed that cause plaintiff to be a risk of harm is in the avertments which are the facts."

<u>Interrogatory 3</u>: Please identify each and every document supporting your response to Interrogatory Number 1.

<u>Plaintiff's Response to Diaz</u>: "Without objecting plaintiff rely upon the avertment in the claim, and on the testimony of witnesses."

<u>Interrogatory 4</u>: Please identify each and every fact upon which you base your contention that Defendant Lopez denied you emergency medical treatment after you allegedly fell from your bunk on July 8, 2007.

<u>Plaintiff's Response to Lopez</u>: "Without objecting, plaintiff will response to the question.  Facts are I did not see the Doctor upon the orders of the defendant and the defendant does not admit that I seen the Doctor upon his orders. But the defendant does admit that I fall out of the upper bed he force me into."

<u>Interrogatory 6</u>: Please identify each and every document supporting your response to Interrogatory Number 4.

<u>Plaintiff's Response to Lopez</u>: "Without objecting, plaintiff will response to the question.  Plaintiff will rely upon the documents in the complaint, and witness that will testify to the facts of the [illegible], and why medical at the time of the fall would have help."

<u>Plaintiff's Response to Diaz</u>: "Without objecting, plaintiff will response to the question. Plaintiff will rely upon the medical documents in the complaint that shows the defendant did not request medical care for the plaintiff after the fall."

<u>Interrogatory 7</u>: Please describe each specific act by Defendant Diaz, including dates and times, which you claim caused you to fall from your bunk on July 8, 2007.

<u>Plaintiff's Response to Diaz</u>: "Without objecting to the question, plaintiff will response to the question. Plaintiff will rely upon the fact that the defendant put the plaintiff in the risk of harm that cause the plaintiff to fall out of the upper bunk in cell-[illegible]. These facts are in the avertments in the complaint."

2.   <u>Discussion</u>

Defendants object to these responses as unresponsive.  Federal Rule of Civil Procedure 33(b)(3) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  A responding may also object: "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in

1  a timely objection is waived unless the court, for good cause, excuses the failure." Rule 33(b)(4).

2     Here, plaintiff's responses are clearly unresponsive. Plaintiff will be granted an
3  opportunity to supplement his responses so that they are responsive to the Interrogatories and in
4  compliance with the Federal Rules.

5     Accordingly, IT IS HEREBY ORDERED that defendants' motions to compel are
6  partially granted:

7    1. Defendants' motion to compel further responses to RFA Numbers 1-3 is partially
8  granted: plaintiff shall supplement his response to Lopez and Diaz's RFA Number 2 within
9  twenty-one days of the date of this order;

10    2. Defendants' motion to compel further responses to RFPD is granted: plaintiff shall
11  supplement his response and/or produce responsive documents within twenty-one days of the
12  date of this order; and

13    3. Defendants' motion to compel further responses to Interrogatories is granted: plaintiff
14  shall supplement his challenged responses within twenty-one days of the date of this order.
15  DATED: June 20, 2011.

         _____
         UNITED STATES MAGISTRATE JUDGE

/014;wils0721.mtc