UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD WILSON, | No. 2:10-cv-721-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| MCDONALD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On March 24, 2014, the court issued a pretrial order, setting August 18, 2014 as the first day of trial. ECF No. 69. It noted that venue was proper in this court, and that the only anticipated motions to be filed by defendants included motions in limine and a Rule 50 motion for judgment as a matter of law. *See id.* The pretrial order became final on April 7, 2014, after neither party filed objections. Now pending before the court is defendants' May 7, 2014 motion to transfer venue to the Fresno division of this court. ECF No. 74. Plaintiff opposes the motion (ECF No. 76), and for the reasons stated below, the motion is denied.

Defendants request that venue be transferred to the Fresno division of this court, citing 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." Defendants contend venue should be

1

transferred to Fresno because "there will be significant differences in the costs of litigation to the State of California in bringing the case to trial in the Sacramento Division rather than in the Fresno Division." Those costs would apparently stem from the travel expenses of the two remaining defendants, who reside in Corcoran, California, and from unspecified costs associated with the fact that "[a]ny other witnesses and documents that will provide evidence in this matter are located at CSP-Corcoran."[1] ECF No. 74 at 3. In the event this court grants defendants' motion, defense counsel promises to recommend to her clients that they consent to the jurisdiction of a magistrate judge, "thereby reducing the impact on the District Court in Fresno." *Id.* at 4.

      Pursuant to Federal Rule of Civil Procedure 16, the final pretrial order controls the subsequent course of this action and will not be modified except according to its terms or to prevent manifest injustice. The pretrial order in this case, which notes that venue is proper in this court, sets a trial date in Sacramento, and does not include a "motion to transfer venue" among the anticipated motions to be filed, was based upon the parties' own pretrial statements. The pending motion is not contemplated by the pretrial order and granting it would necessarily require that it be modified. Yet defendants have not shown that a change in venue will prevent manifest injustice. Indeed, their motion fails to even address the standard at all.

      In addition, the court is not convinced that the litigation costs would be significantly lowered if defendants' motion were granted. First, defense counsel fails to explain in any detail what costs will be incurred by the fact that documents to be used as evidence are located in Corcoran, or exactly which "other witnesses" are located in Corcoran. While she notes that the two defendants will have to travel from Corcoran for a trial in Sacramento, defense counsel, who is based in Sacramento, would be required to travel to Fresno if venue is transferred. Thus, defendants have not shown that transferring venue will yield "significant" savings in travel expenditures. Moreover, the representation that defense counsel will encourage her clients to consent to the jurisdiction of a magistrate judge, so long as their motion is granted, is

---

[1] Defendants also contend that plaintiff's witness, "Dr. Vo," will incur unnecessary travel costs. ECF No. 74 at 3. However, as plaintiff points out in his opposition, he has not identified any witness named "Dr. Vo." ECF No. 74; *see also* ECF No. 72 (Pretrial Order). Defendants, who did not file a reply, failed to address this point.

meaningless, given that plaintiff has not so consented. *See* ECF No. 5 (plaintiff's form indicating that he declines the jurisdiction of a magistrate judge and requests a district judge). If the court granted defendants' motion on this record, the case would be assigned to a Fresno district judge. Given the limited resources in Fresno at this time, there is a strong likelihood that the case would then be reassigned to a district judge in Sacramento. Surely, that would not result in a significant lowering of costs in this case.

For these reasons, IT IS HEREBY ORDERED that defendants' motion to transfer venue (ECF No. 74) is denied.

DATED: June 24, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE