UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD WILSON,<br><br>        Plaintiff,<br><br>   v.<br><br>M. McDONALD, et al.,<br><br>        Defendants. | No. 2:10-cv-721-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The case now proceeds on plaintiff's claim that defendants Lopez and Diaz were deliberately indifferent to his serious medical needs by placing him in an upper bunk (ECF No. 60 at 1, 17; ECF No. 63), and is set for jury trial on August 18, 2014, ECF No. 72. Plaintiff at this late stage has filed what he captions as an "affidavit" for a "temporary restraining order." ECF No. 75. Defendants have filed no opposition. For the reasons that follow, plaintiff's request must be denied at this time.

Requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); *Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); *Century Time Ltd. v. Interchron Ltd.*, 729 F. Supp. 366, 368 (S.D.N.Y. 1990). A preliminary injunction will not issue unless necessary to prevent threatened injury that would

1

impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff first alleges in his motion that prison officials have retaliated against him for litigating this action by ordering him to subject to random drug testing. ECF No. 75 at 2. When plaintiff refused to submit to the testing, he was subjected to discipline, including a forfeiture of 60 days'-worth of time credits. *Id.* at 2-3. It is not clear what relief plaintiff requests with regard to the alleged retaliation and subsequent discipline. However, these allegations cannot be litigated in this case, which concerns other events. They must instead be pursued in a separate civil rights or habeas action after following the proper course of exhaustion. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that civil rights claims must be exhausted prior to

the filing of the original or supplemental complaint); 28 U.S.C. § 2254(b)(1) (generally requiring exhaustion of state court remedies prior to the filing of a federal habeas petition).

Next, plaintiff alleges that he has "been told" that all of his legal files will be confiscated and placed in an office and that he will be able to request "2 cases and one folder" per month from those files. ECF No. 75 at 3. Plaintiff does not say when the confiscation of his materials will occur. According to plaintiff, this system will not allow him adequate resources to prepare the case for the trial currently scheduled to begin on August 18, 2014, although he does not explain why. *Id.* He seeks an injunction ordering officials at Calipatria State Prison to leave his legal files with him.

Rather than seeking some early remedy from defendants for a wrong alleged in this action, plaintiff's second request for relief seeks an order compelling a non-party to take a course of action plaintiff believes will be necessary for the fair litigation of this case. This request is thus not for a preliminary injunction in the traditional sense, but is more correctly viewed as a request for an interlocutory order that this court is authorized to issue under the All Writs Act, 28 U.S.C. § 1651. *See, generally, Fitzpatrick v. California City*, No. 1:96-CV-5411 AWI SMS, 2014 U.S. Dist. LEXIS 67950, at * (E.D. Cal. May 16, 2014).

The All Writs Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). It is meant to aid the court in the exercise and preservation of its jurisdiction. *Plum Creek Lumber Company v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. New York Telephone Co*., 434 U.S. 159, 174 (1977).

To obtain an order under the All Writs Act, the requested order must be "necessary." This language requires that the relief requested is not available through some alternative means. *Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999). Here, plaintiff has not provided the court with sufficient information from which the court can conclude that the order he seeks is necessary. His

3

motion does not show that: (1) his legal materials have been or will be confiscated prior to trial; (2) his access to "2 cases and one file" per month will not allow him to prepare for the upcoming trial; or (3) he cannot re-obtain the necessary legal materials by filing an inmate administrative grievance. Accordingly, plaintiff's request for an order compelling Calipatria State Prison officials to leave plaintiff's legal materials with him should be denied without prejudice. Plaintiff may file a new request regarding the confiscation of his materials with the requisite showing of necessity.

For the foregoing reasons, it is hereby RECOMMENDED that plaintiff's motion for preliminary injunctive relief (ECF No. 75) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 3, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE