UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD WILSON,<br><br>   Plaintiff,<br><br>  v.<br><br>M. McDONALD, et al.,<br><br>   Defendants. | No. 2:10-cv-0721-JAM-EFB P<br><br><br>ORDER |

   Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court is defendants' motion to modify the pretrial order to identify an additional witness. ECF No. 78. The motion is granted.

   The pretrial order issued in this action on March 24, 2014. ECF No. 72. That order identified as one of plaintiff's witnesses a Dr. Kim, who had provided medical treatment to plaintiff. *Id.* at 2-4, 9. Plaintiff had not completed a subpoena form nor submitted the witness' fee and travel expenses when the order issued, however, and he was admonished to do so if he wished to secure Dr. Kim's testimony at trial. *Id.* at 9-10. The order also provided: "Each party may call any witness designated by the other. No other witnesses will be permitted to testify." *Id.* at 10. The pretrial order became final on April 7, 2014, after fourteen days elapsed during which no objection to the order was filed by either party. *Id.* at 15. Plaintiff thereafter requested blank subpoena forms from the court, which the court provided. ECF No. 73.

1

1    On June 6, 2014, defendants filed the instant motion, asking the court to modify the
2  pretrial order to allow them to designate another witness, Dr. Bruce Barnett.  ECF No. 78.
3  According to defendants, they had expected to use Dr. Kim at trial to address issues on which
4  medical expertise was needed.  *Id.* at 1.  Defendants have since learned, however, that Dr. Kim
5  will not be available for trial because he has been deployed with the military to Afghanistan.  *Id.*

6    "[O]nce a pretrial order has been entered pursuant to Rule 16(e) setting forth the parties
7  and issues for trial, modifications are allowed 'only to prevent manifest injustice.'"  *Byrd v.*
8  *Guess*, 137 F.3d 1126, 1131-32 (9th Cir. 1998).  The court must consider four factors in
9  determining whether to modify the order: (1) the degree of prejudice to the other side if the order
10 is modified; (2) the ability of the other side to cure any prejudice; (3) the impact of the
11 modification on the orderly and efficient conduct of the case; and (4) any willfulness or bad faith
12 on the part of the side seeking modification.  *Id.* at 1132.

13   Defendants argue that all four factors favor modification of the order.  First, they contend
14 that plaintiff will not be prejudiced by the modification, because his pretrial statement indicated
15 his intent that a medical doctor (Dr. Kim) testify and because there is ample time before trial
16 (scheduled on August 18, 2014) for plaintiff to prepare to question him.  Because there will be no
17 prejudice to plaintiff, defendants argue, the second factor is inapplicable.  As to the third factor,
18 defendants again point out that there is enough time before trial is scheduled to begin such that
19 the requested modification will not impact the conduct of the case.  Lastly, defendants argue that
20 they did not fail to include Dr. Barnett in their pretrial statement out of willfulness or bad faith,
21 but simply because they intended to question Dr. Kim on medical issues.  As soon as defendants
22 learned Dr. Kim would not be available, they sought to modify the order to include Dr. Barnett.

23   Plaintiff argues that defendants have failed to indicate what relevant testimony Dr. Barnett
24 is expected to offer at trial and have not shown good cause for the modification.  On the contrary,
25 however, defendants have indicated that they intend to use Dr. Barnett to testify regarding
26 whether plaintiff had a medical condition that required his placement in a lower bunk.  ECF No.
27 78 at 2.  Defendants have shown that they diligently requested modification upon learning of Dr.
28 Kim's unavailability.  While it would have been more prudent for defendants to identify all of

1 their witnesses in their pretrial statement instead of relying on plaintiff's witnesses (who plaintiff
2 may have chosen not to call), plaintiff has not indicated any prejudice he will suffer if the pretrial
3 order is modified, that the modification will interrupt the orderly progress of this case, or that the
4 requested modification is sought in bad faith.  Accordingly, the motion to modify the pretrial
5 order to include Dr. Barnett within defendants' list of witnesses (ECF No. 78) is hereby
6 GRANTED.
7 DATED: July 30, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE